COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-459-CR

 

 

JOHN TIMOTHY BEGELTON                                                  APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellant John Timothy Begelton entered an open plea of
guilty to murder.  The trial court assessed his punishment at
thirty-five years=
confinement. 








Begelton=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  Counsel=s brief and motion
meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Begelton was given the opportunity to file a pro se brief, but he did
not do so.

As the reviewing court, we must conduct an independent
evaluation of the record to determine whether counsel is correct in determining
that the appeal is frivolous.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 923 (Tex. App.CFort Worth 1995,
no pet.).  Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).  Because Begelton entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Begelton=s plea, error that
is not independent of and supports the judgment of guilt, and error occurring
after entry of the guilty plea.  See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v.
State, 8 S.W.3d 656, 666B67 (Tex. Crim.
App. 2000).








We have carefully reviewed the record and counsel=s brief.  We agree with counsel that this appeal is
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex. Crim.
App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim.
App. 2006).  We therefore grant
counsel=s motion to
withdraw and affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL:
GARDNER, WALKER, and MCCOY, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
October 16, 2008











[1]See Tex.
R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396
(1967).